UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN FABIAN,

                        Petitioner,
  v.                                                                      9:20-CV-0456
                                                                                   (MAD)

WILLIAM P. BARR, United States Attorney General,

                        Respondent.
_____

APPEARANCES:                                                    OF COUNSEL:

SEAN FABIAN
R05421-082
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

Petitioner Sean Fabian seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").[1] Petitioner is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York.

On April 28, 2020, the Court issued a Decision and Order granting petitioner thirty days to either (1) consent to the conversion of his petition from one brought pursuant to 28 U.S.C. § 2241 to one brought pursuant to 28 U.S.C. § 2255 or (2) voluntarily withdraw the petition. Dkt. No. 5, Decision and Order dated 04/28/20 ("April Order"). Specifically, the Court determined that the petition was "challenging the legality of [petitioner's] criminal

_____

[1] The petition was initially filed in the District of Columbia. *See Fabian v. Barr*, No. 1:20-CV-0748 (D.C.). On April 20, 2020, the case was transferred to this Court. Dkt. No. 3, Transfer Order.

prosecution and the representation he received in conjunction therewith; accordingly, [the petition] . . . should actually be brought pursuant to section 2255." *Id.* at 5.  After outlining why notification was required and the various statutory consequences associated with filing a section 2255 petition, the Court allowed petitioner to decide how he wished to proceed with his claims.  *Id.* at 5-9.

In response, petitioner filed a letter which explicitly denies consenting to the conversion of, or any intention to comply with the April Order's directive to amend, the pending petition.  Dkt. No. 6 at 1-2.  Petitioner also asserts that this Court lacks jurisdiction to hear this action and that the undersigned has improperly "practic[ed] law from the bench [and] g[ave] bad faith legal advi[c]e[.]"  *Id.* at 2.

The April Order outlined why section 2241 was an inappropriate vehicle for petitioner to seek relief for his claims that the government lacked probable cause; that legally insufficient evidence supported his conviction; and that his defense counsel was constitutionally ineffective.  April Order at 4-5.  The April Order also provided petitioner with an explicit choice, in the event he chose to respond, to either consent to the conversion of his petition or voluntarily withdraw it.  *Id.* at 7.  Instead, petitioner has chosen a different option, not provided by the April Order.  Petitioner specifically and unequivocally declines to consent to conversion and does not provide permission for the Court to voluntarily withdraw his petition. Dkt. No. 6 at 1-2.  Apparently, petitioner wishes to continue with his present petition as is; however, for the reasons discussed above and in the April Order, that is not an option.  The petition, in its present form and given its content and requested relief, is improper.

Accordingly, given petitioner's clear wish not to continue to pursue his claims via a section 2255 petition and his disagreement with the Court's jurisdiction over this case, the

Court determines that the best course of action is dismissal without prejudice.

**WHEREFORE**, it is

**ORDERED** that the present petition, Dkt. No. 1, be **dismissed without prejudice**; and, it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge