UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN FABIAN,

                              Petitioner,
    v.                                                      9:20-CV-0456
                                                                (MAD)
WILLIAM P. BARR, United States Attorney General,

                              Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

SEAN FABIAN
R05421-082
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Sean Fabian sought federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").[1] Petitioner is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York.

On April 28, 2020, the Court issued a Decision and Order granting petitioner thirty days to either (1) consent to the conversion of his petition from one brought pursuant to 28 U.S.C. § 2241 to one brought pursuant to 28 U.S.C. § 2255 or (2) voluntarily withdraw the petition. Dkt. No. 5, Decision and Order dated 04/28/20 ("April Order"). Specifically, the

---

[1] The petition was initially filed in the District of Columbia. *See Fabian v. Barr*, No. 1:20-CV-0748 (D.C.). On April 20, 2020, the case was transferred to this Court. Dkt. No. 3, Transfer Order.

Court determined that the petition was "challenging the legality of [petitioner's] criminal prosecution and the representation he received in conjunction therewith; accordingly, [the petition] . . . should actually be brought pursuant to section 2255." *Id.* at 5. After outlining why notification was required and the various statutory consequences associated with filing a section 2255 petition, the Court allowed petitioner to decide how he wished to proceed with his claims. *Id.* at 5-9.

In response, petitioner filed a letter which explicitly denied consenting to the conversion of, or any intention to comply with the April Order's directive to amend, the pending petition. Dkt. No. 6 at 1-2. Petitioner also asserted that this Court lacks jurisdiction to hear this action and that the undersigned has improperly "practic[ed] law from the bench [and] g[ave] bad faith legal advi[c]e[.]" *Id.* at 2.

Given petitioner's clear wish not to pursue his claims via a section 2255 petition and his disagreement with the Court's jurisdiction, the Court dismissed the petition without prejudice. Dkt. No. 7, Decision and Order dated 05/14/20 ("May Order"), at 2-3; Dkt. No. 8, Judgment. The case was closed.

Presently before the Court is petitioner's letter motion which, liberally construed, appears to be a request for reconsideration of the Court's May Order dismissing his action. Dkt. No. 9. Petitioner argues that pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Tucker Act, 28 U.S.C. § 1491(a)(1), he is being illegally detained. Dkt. No. 9. Specifically, petitioner contends he "suffer[ed] a legal wrong because . . . the . . . Court . . .for the Northern . . . District of New York[] . . . detain[ed] . . . Petitioner . . . under the color of legal authority . . . while fraudulently exercising . . . authority[.]" *Id.* Regardless of which standard the Court uses to evaluate petitioner's request for relief, said request should

be denied.

## II.     RECONSIDERATION

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner has not provided any reason which justifies reconsideration of the May Order. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's May Order. The statutory provisions which petitioner cites to are irrelevant because they are inapplicable. *See Bowen v. Massachusetts*, 487 U.S. 879, 901-904 (1988) (explaining that the APA was created to provide review to final agency actions); *Horne v. Dep't of Agriculture*, 569 U.S. 513, 526-27 (2013) (explaining how the Tucker Act pertains to takings claims about compensation over which the Court of Federal Claims has jurisdiction). Petitioner challenges a criminal conviction, not an agency decision or government taking. Nor has he shown that any clear error of law must be corrected or manifest injustice prevented. Instead, petitioner proffers conclusory assertions which amount to little more than a disagreement with the Court's

3

former orders.  Petitioner's disagreement with this Court's decisions is not a basis for reconsideration.  *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).  As a result, reconsideration of the Court's decision is not warranted.

### III.     RULE 60

Additionally, a provision of the Federal Rules of Civil Procedure also allow for reconsideration of final judgement.  Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
>
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
> (2)     newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)     fraud, misrepresentation, or misconduct;
> (4)     the judgment is void;
> (5)     the judgment has been satisfied, released, or discharged; or
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry

of judgment." *Flemming*, 2013 WL 4831197, at *12. "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Here, even under a liberal interpretation of this motion, petitioner has failed to allege facts demonstrating that any of the grounds listed in the clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under the catch-all provision of Rule 60(b)(6). In sum, petitioner has not advanced an argument in response to the May Order's reasoning or otherwise provided information suitable to change the Court's prior decision.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion, Dkt. Nos. 9, is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: May 28, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge